1

2

3

4

5

6

United States District Court
For the Northern District of California

7           IN THE UNITED STATES DISTRICT COURT

8         FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

10   DAVID S. MEDINA and STEVEN MEDINA,          No. 09-04830 CW

11          Plaintiffs,              ORDER GRANTING
                                      DEFENDANTS'
12       v.                          MOTIONS TO
                                      DISMISS
13   EMC MORTGAGE CORP.; ONEWEST BANK,   PLAINTIFFS' FIRST
     FSB; and CITIBANK, N.A.,             AMENDED COMPLAINT
14
            Defendants.
15   ─────────────────────────────────────/

16

17        Plaintiffs David Medina and Steven Medina bring state and

18   federal claims against Defendants EMC Mortgage Corporation,

19   Citibank and OneWest Bank for their alleged conduct related to a

20   loan Plaintiffs obtained.  EMC and Citibank filed a joint motion to

21   dismiss Plaintiffs' First Amended Complaint (1AC) and OneWest filed

22   a separate motion to dismiss.  Plaintiffs oppose the motions.  The

23   motions were taken under submission on the papers.  Having

24   considered all of the papers filed by the parties, the Court grants

25   Defendants' motions.

26                        BACKGROUND

27        The following facts are taken from Plaintiffs' 1AC, the

28   documents recorded in the Contra Costa County Recorder's Office, of

which the Court takes judicial notice, and certain documents
Plaintiffs rely upon in their complaint, the authenticity of which
has not been questioned.  In May, 2007, Plaintiffs obtained a loan
for $486,400 from American Home Mortgage Acceptance, Inc., secured
by property located at 1726 Fairhaven Court, Oakley, California.
The deed of trust identifies American Home Mortgage Acceptance,
Inc. as the lender, New Century Title as the trustee and Mortgage
Electronic Registration Systems, Inc. as the beneficiary.  Also, in
May, 2007, Plaintiffs obtained a second loan for $36,000, secured
by the same property.  The second loan identifies IndyMac Bank,
F.S.B. as the lender and Commonwealth Land Title Insurance Company
as the trustee.

    A notice of default in connection with the first loan was
recorded on September 14, 2009 with the Contra Costa County
Recorder's Office.  As of September 11, 2009, the amount in arrears
was $24,009.34.  On October 21, 2009 Cal-Western Reconveyance
Corporation was substituted as trustee on the first loan and on
November 4, 2009, an assignment of the deed of trust in connection
with the first loan was recorded, which assigned all interest under
the deed to Citibank.  A notice of trustee's sale in connection
with the first deed of trust was recorded on December 22, 2009.

LEGAL STANDARD

    A complaint must contain a "short and plain statement of the
claim showing that the pleader is entitled to relief."  Fed. R.
Civ. P. 8(a).  Dismissal under Rule 12(b)(6) for failure to state a
claim is appropriate only when the complaint does not give the
defendant fair notice of a legally cognizable claim and the grounds

2

on which it rests.  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555
(2007).  In considering whether the complaint is sufficient to
state a claim, the court will take all material allegations as true
and construe them in the light most favorable to the plaintiff.  NL
Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986).
However, this principle is inapplicable to legal conclusions;
"threadbare recitals of the elements of a cause of action,
supported by mere conclusory statements," are not taken as true.
Ashcroft v. Iqbal, ___ U.S. ___, 129 S. Ct. 1937, 1949-50 (2009)
(citing Twombly, 550 U.S. at 555).

Generally, a district court, in ruling on a Rule 12(b)(6)
motion, may not consider any material beyond the complaint.  See
Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542,
1555 n. 19 (9th Cir. 1990).  Documents whose contents are alleged
in the complaint, and whose authenticity no party questions, but
which are not physically attached to the pleading, may be
considered.  See Branch v. Tunnell, 14 F.3d 449, 454 (9th Cir.
1994).  In addition, a district court may consider any document
"the authenticity of which is not contested, and upon which the
plaintiff's complaint necessarily relies," regardless of whether
the complaint refers to the document.  See Parrino v. FHP, Inc.,
146 F.3d 699, 706 (9th Cir. 1998).  The Court may also consider
matters that are subject to judicial notice.  See Mack v. South Bay
Beer Distributors, Inc., 798 F.2d 1279, 1282 (9th Cir. 1986).

DISCUSSION

I.    Truth In Lending Act (TILA)

The only parties who can be liable for TILA violations are the

3

United States District Court
For the Northern District of California

original creditor and assignees of that creditor.  15 U.S.C. §§ 1640, 1641.  Servicers of consumer obligations are not treated as assignees for purposes of imposing liability unless they are also the owner of the obligation.  15 U.S.C. § 1641(f); see Chow v. Aegis Mortg. Corp., 286 F. Supp. 2d 956, 959 (N.D. Ill. 2003).

Here, American Home Mortgage Acceptance was the original lender of the first loan, EMC is the loan servicer and Citibank is the trustee.  Because EMC and Citibank were not the original lender of the first loan and are not alleged to have been assigned any beneficiary interest under the loan, they are not proper parties to a TILA action.  OneWest, a federally chartered savings bank established on March 19, 2009, was not even in existence at the time of the loan's origination, in May, 2007.  Absent an alleged unity between American Home Mortgage Acceptance and OneWest, none of Plaintiffs' allegations against American Home Mortgage Acceptance support a cause of action against OneWest.

Moreover, Defendants cannot be liable for damages because the one-year statute of limitations has expired.  15 U.S.C. § 1640(e). Plaintiffs executed their first loan on May 14, 2007 but they filed their lawsuit in October, 2009.  Thus, the claim for damages is untimely.

Further, Plaintiffs' claim for rescission fails because they have not adequately alleged the present ability to tender amounts owed under the first loan.  Rescission under TILA "should be conditioned on repayment of the amounts advanced by the lender." Yamamoto v. Bank of New York, 329 F.3d 1167, 1171 (9th Cir. 2003) (emphasis in original) (citing LaGrone v. Johnson, 534 F.2d 1360,

4

1362 (9th Cir. 1976); see Garza v. Am. Home Mortgage, 2009 WL
188604 (E.D. Cal.) (stating that "rescission is an empty remedy
without [the borrower's] ability to pay back what she has
received"); Martinez v. EMC Mortgage Corp., 2009 WL 2043013 *6
(E.D. Cal.) (noting "absent meaningful tender, TILA rescission is
an empty remedy, not capable of being granted"); Carnero v. Weaver,
2009 WL 5114268 (N.D. Cal.).  Plaintiffs allege that they are
"prepared to tender from a refinance, assistance by a family member
and from funds from savings once the amount to tender is known."
1AC ¶ 68.  A very similar allegation regarding tender was deemed
insufficient in Lal v. American Home Servicing, Inc., 680 F. Supp.
2d 1218 (E.D. Cal. 2010) (finding tender insufficient where
plaintiff alleged that she was "prepared to tender from a
refinance, funds from savings, and assistance by family members
once the amount to tender is known, considering damages, and after
[defendant] stops reporting the loan negatively.").  Plaintiffs'
tender offer is conditionally premised on securing refinancing and
obtaining assistance by family members.  Such a conditional offer
of tender is inadequate.  Plaintiffs allege that Defendants'
negative credit reporting has prevented their ability to refinance,
and that once they are successful in this action, and their credit
report is corrected, they will have the credit necessary to secure
refinancing.  This sequence of events is too tenuous to assure this
Court that the borrowers will be able to meet their obligations.
Plaintiffs have not sufficiently alleged tender of their loan
proceeds.

    For all of the reasons above, the Court grants Defendants'

1    motions to dismiss the TILA claims against them.

2    II.   Real Estate Settlement Procedures Act (RESPA)

3         Plaintiffs claim that EMC and Citibank failed to respond

4    properly to a qualified written request.  12 U.S.C. § 2605(a) ("If

5    any servicer of a federally related mortgage loan receives a

6    qualified written request from the borrower . . . the servicer

7    shall provide a written response acknowledging receipt of the

8    correspondence . . . ."  A servicer is defined as "the person

9    responsible for servicing the loan."  12 U.S.C. § 2605(I)(2).

10        Plaintiffs' RESPA claim against Citibank fails because

11   Citibank is not alleged to be a servicer of any loan in this

12   action.  Plaintiffs' RESPA claim against EMC fails for a different

13   reason.  Plaintiffs contend that EMC's response to the qualified

14   written response was "improper" because it "failed to provide all

15   the relevant answers needed such as the name of the true owner of

16   the obligation."  1AC ¶ 186.  However, Plaintiffs have not alleged

17   that it suffered any harm from EMC's "improper" response.  Without

18   any allegations of damages from EMC's action, Plaintiffs' RESPA

19   claim fails.  Singh v. Washington Mutual Bank, 2009 WL 2588885

20   (N.D. Cal.).  Accordingly, the Court dismisses Plaintiffs' RESPA

21   claims against Citibank and EMC.

22   III. Rosenthal Fair Debt Collection Practices Act (RFDCPA)

23        Plaintiffs assert that EMC and Citibank violated the RFDCPA by

24   repeatedly contacting Plaintiffs in an attempt to collect on the

25   unpaid loan.  The RFDCPA precludes a debt collector from collecting

26   or attempting to collect from a debtor on a consumer debt in a

27   threatening or harassing manner.  See, Cal. Civ. Code § 1788, et

28                                    6

seq.  Plaintiffs have failed to allege that EMC or Citibank is a "debt collector" within the meaning of the RFDCPA.  See Cal. Civ. Code § 1788.2(c) (defining "debt collector" as "any person who, in the ordinary course of business, regularly, on behalf of himself or herself or others, engages in debt collection").  "[F]oreclosing on [a] property pursuant to a deed of trust is not the collection of a debt withing the meaning of the FDCPA."  Izenberg v. ETS Servs., LLC, 589 F. Supp. 2d 1193, 1199 (C.D. Cal. 2008).  Nor does a mortgage qualify as a "debt" under the RFDCPA.  See Cal. Civ. Code § 1788.2(e)-(f); Pittman v. Barclays Capital Real Estate, Inc. 2009 WL 1108889, at *3 (S.D. Cal. 2009); Inex v. Countrywide Home Loans, Inc., 2008 WL 4791863, at *3 (S.D. Cal. 2008); Castaneda v. Saxon Mortg. Services, Inc., 2009 WL 4640673, at *3 (E.D. Cal.).  Therefore, the Court dismisses this claim against EMC and Citibank.

IV.  Unfair Business Practices

Plaintiffs assert an Unfair Business Practices claim against all Defendants.  California's Unfair Competition Law (UCL) prohibits any "unlawful, unfair or fraudulent business act or practice."  Cal. Bus. & Prof. Code § 17200.  The UCL incorporates other laws and treats violations of those laws as unlawful business practices independently actionable under state law.  Chabner v. United Omaha Life Ins. Co., 225 F.3d 1042, 1048 (9th Cir. 2000).  Violation of almost any federal, state or local law may serve as the basis for a UCL claim.  Saunders v. Superior Court, 27 Cal. App. 4th 832, 838-39 (1994).  In addition, a business practice may be "unfair or fraudulent in violation of the UCL even if the practice does not violate any law."  Olszewski v. Scripps Health,

30 Cal. 4th 798, 827 (2003).

Plaintiffs do not have standing to assert a claim under section 17200.  An individual bringing a claim under this section must have suffered an injury and have lost money or property as a result of unfair competition.  Cal. Bus. & Prof. Code § 17204. Plaintiffs have failed to allege that they have suffered any loss as a result of Defendants' purported unfair business practices. Further, Plaintiffs' section 17200 claim fails because none of their other causes of action, which serve as predicate violations under section 17200, states a valid claim.[1]

V.   Slander of Credit

Plaintiffs allege a slander claim against all Defendants. They allege that Defendants caused false statements to be published by various credit reporting agencies.  The Fair Credit Reporting Act preempts claims of defamation against a person who furnishes information to a consumer reporting agency unless the false information is furnished with malice or willful intent to injure a consumer.  15 U.S.C. § 1681h(e).  Plaintiffs have not alleged that Defendants furnished false information to a consumer reporting agency with malice or a willful intent to injure Plaintiffs.  Even if Plaintiffs' claim for slander were not preempted, Plaintiffs have failed to allege how the conduct of each Defendant satisfies

---

[1]OneWest generally argues that Plaintiffs' section 17200 claim is preempted by federal law.  Although the Home Owners Loan Act (HOLA) and the Office of Thrift Supervision (OTS) may preclude certain UCL claims, such as those that plead the UCL as a state law imposing requirements concerning loan-related fees and disclosure and advertising, see Silvas v. E*Trade Mortgage Corp., 514 F.3d 1001, 1006 (9th Cir. 2008), the UCL is not preempted in its entirety, see id. at 1008.

the elements of a slander claim.  Accordingly, the Court dismisses this claim against Defendants.

## VI.  Wrongful Foreclosure

Plaintiffs allege a wrongful foreclosure claim against EMC and Citibank.  A plaintiff seeking to set aside a foreclosure sale must first allege tender of the amount of the secured indebtedness. Abdallah v. United Savings Bank, 43 Cal. App. 4th 1101, 1109 (1996) (citing FPCI RE-HAB 01 v. E & G Investments, Ltd., 207 Cal. App. 3d 1018, 1021-22 (1989)); Smith v. Wachovia, 2009 WL 1948829, at *3 (N.D. Cal.).  Without pleading tender or the ability to offer tender, a plaintiff cannot seek to set aside a foreclosure sale. Karlsen v. Am. Savings & Loan Ass'n, 15 Cal. App. 3d 112, 117 (citing Copsey v. Sacramento Bank, 133 Cal. 659, 662 (1901)); Smith, 2009 WL 1948829, at *3 (citing Karlsen).  As noted above, Plaintiffs have not adequately alleged their tender or their ability to offer tender.  Therefore, the Court dismisses this claim.

## VII. Negligence

A cause of action for negligence must allege (1) the defendant's legal duty of care to the plaintiff; (2) the defendant's breach of duty; (3) injury to the plaintiff as a result of the breach; and (4) damage to the plaintiff.  Hoyem v. Manhattan Beach City Sch. Dist., 22 Cal. 3d 508, 513 (1978).  "The legal duty of care may be of two general types: (a) the duty of a person to use ordinary care in activities from which harm might reasonably be anticipated, or (b) an affirmative duty where the person occupies a particular relationship to others."  McGettigan v. Bay Area Rapid

United States District Court
For the Northern District of California

9

United States District Court
For the Northern District of California

Transit Dist., 57 Cal. App. 4th 1011, 1016-17 (1997).

"[A]s a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." Nymark v. Heart Fed. Savings & Loan Ass'n, 231 Cal. App. 3d 1089, 1095 (1991); see also Kinner v. World Savings & Loan Ass'n, 57 Cal. App. 3d 724, 732 (1976) (holding no duty of care owed by lender to borrower to ensure adequacy of construction loan); Wagner v. Benson, 101 Cal. App. 3d 27, 35 (1980) (finding no duty owed by lender to borrower where lender is not involved extensively in borrower's business). Plaintiffs have not plead facts to show that Defendants exceeded their traditional roles.

Moreover, Plaintiffs' negligence claims are merely reassertions of their TILA and RFDCPA claims. They allege that Defendants negligently violated these statutes. However, as noted above, Plaintiffs' claims under TILA and RFDCPA are invalid. Therefore, Plaintiffs' negligence claims based on violations of these statutes also fail.

VIII.   Civil Conspiracy

Civil conspiracy "is not a cause of action, but a legal doctrine that imposes liability on persons who, although not actually committing a tort themselves, share with the immediate tortfeasors a common plan or design in its perpetration." Applied Equipment Corp. v. Litton Saudi Arabia Ltd., 7 Cal. 4th 503, 510 (1994) (citing Wyatt v. Union Mortgage Co., 24 Cal. 3d 773, 784 (1979)). "Standing alone, a conspiracy does no harm and engenders

10

no tort liability.  It must be activated by the commission of an actual tort." Applied Equipment Corp., 7 Cal. 4th at 511.  "The elements of an action for civil conspiracy are (1) formation and operation of the conspiracy and (2) damage resulting to plaintiff (3) from a wrongful act done in furtherance of the common design." Rusheen v. Cohen, 37 Cal. 4th 1048, 1062 (2006) (citing Doctors' Co. v. Superior Court, 49 Cal. 3d 39, 44 (1989))

Here, Plaintiffs have not stated a cause of action on which conspiratorial liability could be based.  Even if they had, Plaintiffs have not plead facts to show the formation and operation of a conspiracy.  Id.  Plaintiffs' recitation of the elements of civil conspiracy is not sufficient to allege this theory of liability.

Accordingly, Plaintiffs' civil conspiracy claim is dismissed.

//
//
//
//
//
//
//
//
//
//
//
//
//

CONCLUSION

For the foregoing reasons, the Court grants Defendants' motions to dismiss.  Docket Nos. 21, 24.  Plaintiffs may file an amended complaint within fourteen days from the date of this Order if they can truthfully make allegations which correct the inadequacies of their 1AC.  If Plaintiffs do not file an amended complaint, their case will be dismissed for failure to prosecute. If an amended complaint is filed, Defendants may file a motion to dismiss within fourteen days thereafter.  Plaintiffs' opposition will be due two weeks later and Defendants' reply will be due one week thereafter.  The matter will be taken under submission on the papers.  The case management conference scheduled for Tuesday, June 29, 2010 is vacated and rescheduled to September 7, 2010 at 2:00 p.m.


Dated: 06/24/10                    _____
                                   CLAUDIA WILKEN
                                   United States District Judge